IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Helen Ruth Byas, | C/A No. 0:17-1856-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 13, 2018, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 22. Plaintiff filed Objections, and the Commissioner filed a Reply. ECF Nos. 24, 25 For the reasons stated below, the Court declines to adopt the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for SSI in January 2014, alleging disability beginning March 10, 2010. Plaintiff later amended her disability onset date to November 21, 2013. Plaintiff's application was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 23, 2016, and Plaintiff appeared with her non-attorney representative and testified. The ALJ issued

2

a decision on May 4, 2016, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, making the determination of ALJ the final decision of the Commissioner.

In her request for judicial review, Plaintiff raises three claims. First, Plaintiff asserts that the ALJ failed to properly assess the medical opinion evidence. Second, Plaintiff contends that the ALJ did not properly explain his findings regarding Plaintiff's Residual Functional Capacity ("RFC"). Finally, Plaintiff alleges that the ALJ failed to properly evaluate the Plaintiff's subjective symptomology.

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable legal standards in her Report, which the Court incorporates by reference. The Magistrate Judge evaluated the merits of Plaintiff's argument and recommended rejecting each of Plaintiff's claims.

## **DISCUSSION**

Plaintiff objects to the Report's finding, asserting that the Magistrate Judge erred in reviewing the ALJ's weighing of the medical opinion testimony, the ALJ's evaluation of Plaintiff's RFC, and the ALJ's evaluation of Plaintiff's subjective complaints. As detailed below, the Court finds Plaintiff's objections as to the medical opinion testimony dispositive of this appeal and does not reach the remainder of Plaintiff's claims.

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence presented, including the opinions of medical sources. 20 C.F.R. § 416.927(c). The regulations require ALJs to "give more weight to medical opinions from [a plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a

3

plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ "find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a plaintiff's] case record, [the ALJ] will give it controlling weight." *Id.* When, however, the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the medical records; (5) whether the physician is a specialist; and (6) any other relevant factors. *Id.* § 416.927(c).

Plaintiff contends in her objections that the Magistrate Judge erred in recommending affirming the ALJ's finding that Dr. Jonathan Glen's opinion should be afforded little weight.[1] Plaintiff produced a Medical Source Statement (Physical) from Dr. Glen, her treating primary care physician, which stated: (1) Plaintiff had diagnoses of severe degenerative arthritis and fibromyalgia; (2) Plaintiff can occasionally lift and/or carry (including upward pulling) less than ten pounds; (3) Plaintiff can frequently lift and/or carry ten pounds; (4) standing/walking are affected by Plaintiff's impairments; (5) Plaintiff

---

[1] Plaintiff also objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's evaluation of a state agency medical consultant's opinion. *See* R. 17 (affording great weight to an assessment of a state agency medical consultant). The Court does not reach this issue.

4

can only stand or walk less than two hours a day and zero hours without interruption; (6) sitting is affected by Plaintiff's impairments; (7) Plaintiff can only sit less than two hours per day; (8) Plaintiff can never climb, stoop, crouch, or kneel; (9) Plaintiff's balance is poor; (10) Plaintiff can occasionally crawl; (11) Plaintiff's impairments affect her ability to reach, handle, feel, push/pull, see, hear, and speak; (12) Plaintiff's impairments require her to avoid heights, temperature extremes, dust, noise, fumes, and humidity; and (13) Plaintiff cannot hold objects or items because of weakness and pain. R. 462–64. The ALJ afforded these opinions little weight because "Dr. Glen did not cite any objective findings in his questionnaire other than his mention of the claimant's right leg and bilateral hand weakness." R. 16.

Specifically, the ALJ held that "Dr. Glen's own treatment notes do not support his assessment." *Id.* The ALJ relied on two specific treatment notes, an April 2015 note that states that Plaintiff's musculoskeletal and neurological examinations were normal and a February 2016 treatment note where Dr. Glen described Plaintiff's subjective complaints of hand, wrist, and foot pain without any supporting objective evidence. The ALJ, however, takes these treatment notes out of context. On April 7, 2015, Dr. Glen treated Plaintiff "for routine exam visit with [complaints of] painful knee, side, and stomach." R. 396. Dr. Glen specifically noted that Plaintiff was exhibiting hand, wrist, shoulder, and back symptoms and assessed rheumatoid arthritis. R. 397. Later, on April 29, 2015, Dr. Glen examined Plaintiff for a follow up examination after an x-ray. R. 399. This treatment note does state Plaintiff's musculoskeletal and neurological systems are "normal," but Dr. Glen assesses chronic pain syndrome. R. 400. Similarly, in February 2016, Dr. Glen examined Plaintiff "for follow up on hypertension care." R. 453. Dr. Glen states that

5

Plaintiff complains of "tingling and burning on bottom of feet, painful hands and wrists." *Id.* This treatment note specifically states that Plaintiff's musculoskeletal system is abnormal. R. 454.

Indeed, the ALJ's decision outlines Plaintiff's history of severe issues with her hands. For example, the ALJ notes that Plaintiff exhibited positive Phalen and Tinel's tests in November 2013; exhibited pain, swelling, decreased range of motion, deformity and erythema in the right hand in March 2014; again exhibited positive Phalen and Tinel's tests in March 2014; exhibited tenderness in her wrists in April 2014; and continued to suffer from pain through 2015 and 2016. R. 15. In discounting Dr. Glen's findings, which generally comport with the ALJ's discussion of Plaintiff's history of severe issues, the ALJ relies on isolated normal findings related to Plaintiff's hands, such as notations of no musculoskeletal abnormalities in a February 2016 treatment note. What the ALJ Decision omits, however, is that this treatment note is from a surgical consultation for a mass on Plaintiff's back. R. 456–60.

Treating physicians are in a unique position to observe claimants during medical examinations, which is why the regulations provide for deference to treating physicians' opinions. *See, e.g.,* 20 C.F.R. § 416.927(c)(2) (noting that treating physicians "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ."). It may be appropriate for an ALJ to afford a treating physician little weight when objective, quantifiable medical evidence contradicts the treating physician's opinion. But the Court has noted a trend in recent cases wherein ALJs appear to cherry-pick medical evidence in order to afford treating physicians' opinions less weight than they are due under the regulations.

6

On judicial review, the Court must not conduct a de novo weighing of the evidence in evaluating the ALJ's decision. However, the Court is charged with ensuring that the ALJ complies with the applicable regulations and law. Here, the Court holds that it is impossible to properly evaluate the ALJ's finding that Dr. Glen's opinion should be afforded little weight, because the ALJ did not comply with the applicable regulations for determining what weight to afford to a treating physician. There is no discussion of the relevant factors, and the Court cannot meaningfully determine whether the ALJ's discounting of Dr. Glen's opinion was appropriate. Therefore, it is necessary to remand this case to the ALJ for a fair and honest hearing to determine what weight to afford Dr. Glen's opinion. To that end, the ALJ is directed to comply with the relevant regulations, *see* 20 C.F.R. § 416.927(c), and evaluate Dr. Glen's opinion in light of the totality of Plaintiff's medical record rather than using isolated references in medical records to substantially discount the treating physician's opinion where those references themselves are inconsistent with the remainder of that record.

## **CONCLUSION**

For the reasons set forth above, the Court declines to adopt the Report, reverses the decision of the Commissioner, and remands pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 4, 2018
Spartanburg, South Carolina